UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HRB PROFESSIONAL RESOURCES LLC
(D/B/A H&R BLOCK),

        Plaintiff,

vs.

DANNY W. STANTON,

        Defendant.

CASE NO. 7:23-cv-02307-VB

6/1/23

---

## [PROPOSED] STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party"), request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain information that they may need to disclose in this action and/or any related arbitration;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored protective order,

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation (i) the Parties to this action and, as applicable, their respective corporate parents, subsidiaries, successors and assigns, (ii) each of their respective representatives, agents, experts and consultants, and (iii) all third parties providing discovery in this action—will adhere to the following terms, upon pain of contempt:

    1.    **Confidential Information.** As used in this Order, the term "Confidential Information" means any documents (as defined in FRCP 34(a)(1)(A)), deposition testimony,

information or other material that (a) contains or refers to (1) any information of a personal or intimate nature regarding any individual or business, including but not limited to private personal information and tax return information; (2) customer lists; (3) confidential business information and trade secrets; (4) financial and fiduciary information; (5) confidential information regarding employees, such as employee personal information, credit information, property information, criminal information, financial information, medical history, employment information, or compensation; (6) confidential and/or proprietary client information; and (7) private or confidential information regarding persons not parties to this case, and (b) has been designated as "Confidential" pursuant to this order. For the avoidance of doubt, the term "Confidential Information" does not include information that previously has been made available to the public.

2. **Designating Documents and Information as Confidential.** Any Party may designate documents, deposition testimony or information as "Confidential" if it contains Confidential Information. With respect to any materials, other than deposition transcripts and exhibits, that a Party has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such materials to anyone except as this Order expressly permits. Parties (and deponents) may, within thirty (30) days after receiving the transcript of a deposition, designate portions of the transcript (and exhibits thereto) as Confidential. Confidential Information within a deposition transcript may be designated by a letter to opposing counsel indicating the portions of the transcript that include Confidential Information. Until expiration of the 30-day period, the entire transcript (including all exhibits that have not previously been designated as Confidential) shall be treated as Confidential under this Order. If no Party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits (other than those previously designated as Confidential) will be treated as Confidential.

3. **Subsequent Designations of Confidential Information.** The inadvertent failure to designate material as Confidential does not preclude a Party from subsequently making such a designation, and, in that case, the material is to be treated as Confidential only after being properly designated. This provision does not replace Federal Rule of Evidence 502(d), but is in addition to the Rule.

4. **Limited Disclosure of Confidential Information.** Except upon further Order of this Court or by express written consent of counsel for the parties, all persons subject to this Order may disclose Confidential Information only to the following persons:

a. Counsel for the Parties in this action and/or any related arbitration who are actively engaged in the conduct of this action or the arbitration; and the partners, associates, secretaries, legal assistants, employees, and agents of such counsel, to the extent reasonably necessary to render professional services to the litigation;

b. The Parties;

c. Persons with prior knowledge of the Confidential Information;

d. The Court and its personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the court;

e. The arbitrators overseeing any related arbitration and their staff;

f. Outside vendors or service providers that any Party hires in connection with this action or any related arbitration, including but not limited to any independent document reproduction or retrieval services and transcriptionists;

g. Any potential witness, concerning a matter to which the Information refers, and any counsel for such potential witness;

  h. Any witness called to testify at deposition or trial in this action or any related arbitration;

  i. Any expert witness retained by one or more Parties, whether testifying or a consulting expert witness or other consultant to whom it is necessary the material must be shown for the purposes of this litigation or any related arbitration; or

  j. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to a court order.

  5. **Obtain Acknowledgement.** Prior to disclosure of any Confidential Information to any person identified in paragraphs 2(g), 2(h), or 2(i), such person shall be given a copy of this Order and shall certify via a written agreement, attached hereto as Exhibit A, that he/she has read and understands this Order and agrees to comply with its terms. The Party providing Confidential Information to such person shall retain the signed statement of each such person.

  6. **Use of Confidential Information.** Confidential Information shall be used only in connection with this action and any appeals arising therefrom and any related arbitration. No Confidential Information shall be disclosed to any other person, party, entity, agency, print or electronic media, or anyone outside of this action and any related arbitration, for any purpose, other than as set forth or provided for in this Order. If a Party receives a subpoena or court order seeking the production of materials that the Party has obtained under the terms of this Order and designated as Confidential, such Party shall promptly notify the Party or other person who designated the document(s) or information as Confidential of such subpoena or order. If the Party or other person who designated the document(s) or information as Confidential timely seeks a protective order in the litigation in which the subpoena or court order issued, the Party served with the subpoena or court order shall not produce any information or documents designated in this

action as Confidential before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission, or the Party may be subject to sanctions for failing to produce the information or documents, or the Party is required to produce the information by law. Following a determination by the court from which the subpoena or order issued, the Party in receipt of the subpoena or order shall comply with the court's order.

7. **Maintaining Confidentiality.** Each person who has access to Confidential Information must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

8. **Filing Confidential Information.** If Confidential Information is included as part of documents that a Party intends to file with the Court, the filing Party shall be permitted to redact the Confidential Information or file a motion to seal with the Court. If a motion to seal must be filed, the motion to seal and the motion or other materials containing the Confidential Information shall be redacted to protect the confidential material and any exhibits are to be replaced with placeholders or redactions indicating that the exhibit or other form of reference to such record contains Confidential Information subject to this Order. A clean copy of any motions or materials containing Confidential Information, including clean unredacted copies of the exhibits replaced by placeholders, shall be sent by the filer to the opposing Party within three (3) business days of filing the materials with the Court. The filing Party must provide a clean copy to the Court prior to any hearings and/or at any time that such materials are to be considered by the Court in accordance with this Court's instructions.

9. **Challenges to Confidentiality.**

a. No Party concedes that any document or information designated as Confidential by any other person does in fact contain or reflect Confidential Information. Any Party may challenge a designation of confidentiality at any time.

b. In the event that any Party to this litigation disagrees with the designation of any document or category of documents or information as Confidential, such Party shall provide to the designating Party written notice of its disagreement. The Parties shall first attempt in good faith to resolve any such dispute informally. If the dispute cannot be resolved, the Party challenging the designation may move the Court to lift the designation. The Party seeking to maintain confidentiality status bears the burden of showing that such documents or information are Confidential. Until the Court rules, the designation controls.

10. **Subject to Court's Jurisdiction.** Each person to whom disclosure of all or part of the aforesaid Confidential Information is made agrees to subject himself/herself to the jurisdiction of this Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

11. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence has indicated on any Exhibit List any proposed exhibits that are designated as Confidential. Any Party seeking to introduce Confidential Information at trial or any Court hearing may move the Court for an Order that Confidential Information be received *in camera* or under such other conditions as are necessary to prevent disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection may be afforded to such Information at the trial or hearing. Under no circumstances shall a jury be advised that Information has been designated Confidential.

12. **Return of Confidential Information.**  Within sixty (60) days of the final disposition of this Action or any related arbitration, whichever is later, all recipients of Confidential Information must either return such all documents containing such Information, including all copies thereof, to the producing Party, or, upon permission of the producing Party, destroy such documents.  Counsel of record for each Party shall confirm in writing that all such documents have been returned to the producing Party or destroyed in accordance with the terms of this paragraph 12.

13. **No Admission.**  Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information.

PREPARED AND STIPULATED TO BY:

| Counsel for Plaintiff: | Counsel for Defendant: |
|---|---|
| /s/ John D. Mullen | /s/ Joseph A. Matteo |
| Dated: May 31, 2023 | Dated: May 31, 2023 |

SO ORDERED.

Date: _____June 1_____, 2023.

_____
VINCENT BRICCETTI
United States District Judge

# AGREEMENT CONCERNING MATERIAL
# COVERED BY PROTECTIVE ORDER

## Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| HRB PROFESSIONAL RESOURCES LLC (D/B/A H&R BLOCK), | CASE NO. 7:23-cv-02307-VB |
| Plaintiff, | |
| vs. | |
| DANNY W. STANTON, | |
| Defendant. | |

---

## AGREEMENT CONCERNING MATERIAL
## COVERED BY PROTECTIVE ORDER

The undersigned hereby acknowledges that s/he has read the Protective Order entered in this action on the _____ day of _____ 2023, that s/he understands the terms thereof, and that s/he agrees to be bound by such terms.

Date:_____

_____

_____
(Please Print)

10

PD.42173625.1